UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| AMUN BEY, | ) | CASE NO. 1:25 CV 2711 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| CUYAHOGA COUNTY | ) | |
| CORRECTIONAL FACILITY, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

This is a removed *pro se* case.  Identifying himself as "Amun house of Bey," Plaintiff filed his *pro se* complaint n the Cuyahoga County Court of Common Pleas against the City of South Euclid – Law Department and the Cuyahoga County Correctional Facility.  (Doc. No. 1-2.)  His pleading, labeled as a "Notice of Intent to Sue/ Pre-Suit Demand Letter," indicates only that he intends to sue for damages and equitable relief under 42 U.S.C. § 1983 in connection with injuries he sustained while he was in custody at South Euclid Municipal Jail.  Additionally, his pleading asserts incomprehensible claims (including under "Chevron Deference Principles" and for "Unauthorized Use of Private Bonds") apparently premised on his proclaimed status as a Moorish-American.  (*See id*. at 4-9.)

The Cuyahoga County Correctional Facility removed the action on December 15, 2025 on the basis of Plaintiff's reliance on § 1983, and filed a motion for leave to file a motion to dismiss it on January 9, 2026.  (Doc. No. 3.)  It is not necessary to address this motion or await a response from Plaintiff because the Court finds, upon its own review, that Plaintiff's

complaint warrants dismissal.

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure a court may, at any time, *sua sponte* or upon the motion of a party, dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A dismissal for lack of subject-matter jurisdiction under Rule 12(b)(1) is appropriate when the allegations "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

The Court finds that Plaintiff's § 1983 complaint is implausible, frivolous, and devoid of merit. First, he has not sued a Defendant amenable to a § 1983 suit. Civil actions may be brought § 1983 against "persons" acting under color of state law who violated a citizen's constitutional rights. *See* 42 U.S.C. § 1983. But neither Defendant named here – the City of South Euclid Law Department and the Cuyahoga County Correctional Facility – is a person subject to suit under § 1983; they are merely subunits of a government. *See, e.g., Cobbeldick v. Cuyahoga Cnty. Corr. Ctr.*, No. 1:21 cv 1159, 2021 WL 4951759, at *2 (N.D. Ohio Oct. 25, 2021) ("[T]he Cuyahoga County Corrections Center is not a proper Defendant."); *King v. Cuyahoga Cnty. Jail*, No. 1:19 cv 1449, 2019 WL 5653296, at *4 (N.D. Ohio Oct. 31, 2019) ("[T]he Cuyahoga County Jail is not a proper Defendant because it is not sui juris, meaning that under Ohio law, it is not a legal entity that is capable of suing or being sued."); *see also Rose v. Cuyahoga Cty. Prosecutor's Office*, No. 1:19 cv 314, 2019 WL 2451642, at *1 (N.D. Ohio June 11, 2019) (under Ohio law, a county prosecutor's office is not a legal entity capable of being sued).

Second, even if the Court construes his complaint as against the City of Euclid and

Cuyahoga County, it is unsubstantial and without merit.  Local governments may not be sued under § 1983 for injuries inflicted solely by employees or agents under a *respondeat superior* theory.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).  "Instead, it is [only] when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."  *Id*. at 694.  Nothing in Plaintiff's complaint plausibly suggests, and it does not allege, that an unconstitutional custom or policy of Cuyahoga County or the City of Euclid caused a violation of his constitutional rights.

Third, Plaintiff's complaint is totally frivolous and devoid of merit to the extent it purports to asserts claims based on his proclaimed Moorish-American or sovereign citizen status.  *See, e.g., Clinton v. Coyaleski*, No. 4:25-cv-1363, 2025 WL 2711413, *3 (N.D.Ohio Sept. 23, 2025) (collecting cases summarily dismissing complaints like this one "based on meritless rhetoric frequently espoused by self-proclaimed sovereign citizens").

**Conclusion**

Accordingly, Plaintiff's § 1983 complaint  is dismissed pursuant to *Apple v. Glenn*, 183 F.3d 477.  The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: 1/28/2026

*s/Dan Aaron Polster*
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE